## Commonwealth *versus* Peiffer.

1. At August Term a defendant was indicted in the Quarter Sessions for assault, &c., with intent to commit rape, and was bound over to the November Term. At that term the indictment was quashed and the defendant bound over to the January Term. At that term the defendant was indicted for rape in the Oyer and Terminer, and afterwards, at the same term, in the Quarter Sessions his recognisance taken there was certified into the Oyer and Terminer; he was there acquitted of the felony, but convicted of assault, &c., with attempt to commit a rape, and sentenced to imprisonment and to pay the costs of prosecution. *Held*, that defendant was liable only for the costs of January Term.

2. The offence was different and the trial in different courts; the costs on the quashed indictment in the Sessions were not costs of prosecution in the Oyer and Terminer.

January 24th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Oyer and Terminer of *Northumberland county*: Of September Term 1875, No 21.

At the August Term 1873 of the Court of Quarter Sessions of Northumberland county, Henry Peiffer was indicted on a bill containing two counts, one for assault and battery and the other for assault and battery with intent to commit a rape. He was bound over for his appearance "at the next term." At the November Term of the same court, on motion of the defendant, the indictment was quashed and the defendant bound over for his appearance at the next term of the same court.

At January Term 1874 of the Court of Oyer and Terminer of Northumberland county, the grand jury, on the 6th of January, returned a true bill against Henry Peiffer for rape. On the 9th of January, in the Court of Quarter Sessions, the defendant moved for his discharge on the ground that he had been held to answer at three successive terms of that court without a trial; that the grand jury had been discharged and no bill of indictment found against him. Same day the motion was overruled "and the recognisance directed to be certified to the Oyer and Terminer, where the indictment has been already found, the case having been continued the last term because there was no legally-constituted court to try it, the array of grand jurors having been quashed." The

[Commonwealth *v.* Peiffer.]

same day the recognisance was certified to the court of Oyer and Terminer.

On the same day (January 9th) the defendant was arraigned in the Oyer and Terminer and pleaded "Not guilty." The jury found him "Not guilty" of rape, but guilty of assault and battery with attempt to commit a rape.

On the 12th of January the defendant was sentenced to pay a fine of one dollar and the costs of prosecution and be imprisoned for two years and two months. On the same day the bill of costs of prosecution, amounting to $567.86, was filed.

The record was removed to the Supreme Court by certiorari and the judgment there affirmed and the record remitted to the Oyer and Terminer May 25th 1874.

On the 13th of July 1874 exceptions were filed to the bill of costs, viz. :—

The defendant is charged in the said bill with witness costs for three different courts, when he is not legally bound to pay costs except for attendance at the January Term 1874, the bill of indictment found at the August sessions having been quashed at the November session by the court.

The clerk of the Court of Oyer and Terminer struck from the bill the costs charged for August and November Terms 1873 and retaxed the bill at $215.76, allowing only the costs for January Term 1874.

The Commonwealth and the county commissioners of Northumberland county excepted to the taxation of the clerk ; the 4th exception is :—

" The bills of indictment were not different and distinct prosecutions but one and the same prosecution and cause thereof, the quashing of the first bill, after two or more continuances at defendant's instance, or by the court, being at the instance and on the motion of the defendant on account of a mere irregularity in the drawing of the jury which he could have waived, must be treated as a mere continuance of the same prosecution, and that at the instance of the defendant."

The court (Rockefeller, P. J.) delivered the following opinion on the exceptions :—

" By the common law the Crown neither paid nor received costs. Defendants had to bear their own expenses, and even pay costs, whether found guilty or not guilty. It frequently happened that defendants were detained, on account of fees alleged to be due to the jailor after their acquittal. The prosecutor was not liable to pay costs in any case, for the prosecution was in the name of the Crown. When the case was ended, an innocent defendant could seek redress by action for malicious prosecution. This is the law brought to the colony of Pennsylvania, and is in force to this day where it has not been supplied by legislation. A jury cannot make

[Commonwealth *v.* Peiffer.]

the county or a prosecutor pay costs except by virtue of a statute. A defendant must pay costs and the jailor's charges, unless relieved by statute.    This cruel rule of the common law as to defendants has been corrected both in England and in Pennsylvania in all cases of conviction or acquittal of a defendant. * * *

"The question now is whether a defendant who has been convicted and sentenced to pay the costs of prosecution on one bill of indictment is liable to pay the costs which accrued on former bills of indictment for the same offence and which were quashed by the court. In my opinion, when a bill is quashed or judgment arrested, that puts an end to that prosecution, and, although a new bill may be sent up, founded upon the original information, it is a new and distinct prosecution. * * * That defendants were liable at common law, whether convicted or acquitted, seems to be settled, and for such cases the statutes of 1797, 1804 and 1860 make ample provision. But in cases where the bill is quashed or the judgment arrested, and thus an end put to the prosecution, no provision is made by statute in Pennsylvania, nor have we been referred to any authorities to show that the defendant was liable for costs in such cases at common law. I think the common law made no provision for costs in such cases, and that if the defendant succeeded in arresting the judgment, or quashing the bill, he got clear of the costs: Commonwealth *v.* Tilghman, 4 S. & R. 127. * * * Even in the case of acquittal, if the petit jury does not find that the defendant is to pay the costs, it may well be doubted whether he is obliged to pay them, although they are not put upon either the county or the prosecutor.   The Acts of Assembly have worked a radical change in the law.   It does not make any difference that the bill of indictment found at November Sessions 1873 was quashed at the instance of the defendant.   It is enough to say that it was quashed, and it is presumed to have been done for legal reasons.

"The finding of the clerk and his re-taxation of the costs in this case are sustained."

The record was removed to the Supreme Court by writ of error at the instance of the county commissioners of Northumberland county.   They assigned for error the confirmation of the clerk's re-taxation.

*W. A. Sober,* for plaintiffs in error.—The quashing of the bill found at the August Sessions, on the 7th November following, did not "put an end to the prosecution," for the defendant was afterwards *convicted* on the same charge, the same information and return of the justice to the court, the testimony of the same witnesses, and on the same alleged criminal act or transaction.   At common law the defendant was bound for costs, even when acquitted: York Co. *v.* Jacobs, 3 Penna. Rep. 365; Commonwealth *v.* Tilgh-

[Commonwealth *v.* Peiffer.]

man, 4 S. & R. 127 ; Strein *v.* Zeigler, 1 W. & S. 259 ; Commonwealth *v.* Horner, 10 Casey 440.   In cases of conviction, all costs shall be paid by party convicted : Act 31st March 1860, sect. 64, Pamph. L. 445, 1 Br. Purd. 391, pl. 67.

*G. Hill* and *S. P. Wolverton*, for defendant in error, cited Commonwealth *v.* Huntingdon Co., 3 Rawle 488 ; Baldwin *v.* Commonwealth, 2 Casey 171.

Judgment was entered in the Supreme Court, January 31st 1876,
PER CURIAM.—This case differs from any decided case.   The first proceeding was in the Court of Quarter Sessions for a misdemeanor, and a true bill being found, the indictment was afterwards quashed.   The defendant was then held in recognisance to appear at the next Court of Quarter Sessions, when, by an order of the court, the recognisance was certified into the Court of Oyer and Terminer, and an indictment sent up for a felony ; on this the defendant was tried in the Court of Oyer and Terminer.   The offence was different, and the trial was in a different court, so that the costs in the Court of Quarter Sessions upon the quashed indictment can with no propriety be deemed costs of the prosecution in the Oyer and Terminer.   We see no error in the striking out of these costs.

Taxation and order confirmed.